UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE E. RAMOS,
    *Plaintiff*,

v.

DANNEL P. MALLOY *et al.*,
    *Defendants*.

No. 3:18-cv-583 (VAB)

**INITIAL REVIEW ORDER**

Jose E. Ramos ("Plaintiff") currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, and proceeding *pro se*, has sued Governor Dannel P. Malloy, the Town of Suffield, Commissioner Scott Semple, Warden William Mulligan, and Lieutenant Roy under 42 U.S.C. § 1983.

Mr. Ramos alleges that he has been denied a book about religion in violation of his First, Fourth, Eighth, and Fourteenth Amendment rights. He seeks damages as well as declaratory and injunctive relief.

For the following reasons, the Complaint is **DISMISSED**, but, to the extent that the deficiencies in this Complaint can be remedied, Mr. Ramos may file an Amended Complaint by October 1, 2018**.**

**I.**     **FACTUAL ALLEGATIONS**

On June 1, 2017, Mr. Ramos alleges a third party ordered a book, *All Religions are One* by Jeffery Moses, for Mr. Ramos. The third party allegedly instructed Mr. Ramos to contact him, if Mr. Ramos did not receive the book within thirty days, so he could order another copy. Mr. Ramos allegedly did not receive the book. After sixty days, Mr. Ramos claims that he contacted

1

the third party and another copy of the book was ordered. Mr. Ramos alleges that he still has not received the book.

Mr. Ramos claims that he contacted several Department of Correction employees about the book. On July 20, 2017, he allegedly submitted an inmate request to the grievance counselor and, the following day, filed a grievance. On September 29, 2017, Mr. Ramos allegedly received a response from the grievance coordinator indicating that additional time was needed to investigate the issue. On October 19, 2017, Mr. Ramos allegedly met with a state police trooper who told him that Lieutenant Roy would investigate the issue to determine whether the books were received and, if so, where they were.

Mr. Ramos commenced this cased on April 6, 2018, and his motion to proceed *in forma pauperis* was granted on April 12, 2018.

## II. STANDARD OF REVIEW

This Court must review complaints by incarcerated persons and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, a complaint must include sufficient facts to afford a defendants fair notice of the claims and grounds upon which the claims are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723

F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

### III. DISCUSSION

Mr. Ramos argues that, by depriving him of a book about religion, Defendants have infringed on his religious rights, his right to be treated equally, his right to due process, his right to be free from cruel and unusual punishment, his right against unreasonable seizure and his right to property as afforded him under the First, Fourth, Eighth and Fourteenth Amendments, respectively. The Court addresses each contention in turn.

#### A. Defendants Malloy, Town of Suffield, Semple, and Mulligan

Mr. Ramos has sued Governor Malloy, the Town of Suffield, Commissioner Semple and Warden Mulligan. He contends that Semple and Mulligan are responsible for overseeing daily operations within the Department of Correction and the correctional facility respectively. He contends that all four defendants are "liable under Municipalities." ECF No. 1 at 9, ¶¶ 12–15.

The Town of Suffield is the sole municipality in this case. The remaining defendants are state, not municipal, employees. Thus, any claims for municipal liability against defendants Malloy, Semple, and Mulligan are dismissed under 28 U.S.C. § 1915A(b)(1). *See Walker v. City of New York*, 974 F.2d 293, 301 (2d Cir. 1992) (holding that because district attorney was state official, his conduct cannot trigger municipal liability).

Regarding the Town of Suffield, Mr. Ramos alleges no facts suggesting the town was involved in the alleged factual scenario. The only conceivable connection is that the correctional facility is located in Suffield. Mr. Ramos provides no legal basis to suggest that the town has authority to direct the actions of state officials within a state correctional facility.

Any claim against the Town of Suffield therefore is dismissed under 28 U.S.C. § 1915A(b)(1).

**B.      First Amendment Claim**

Mr. Ramos first argues that the deprivation of the book violates his First Amendment right to exercise his religion.

To state a First Amendment free exercise claim, a plaintiff "must make a threshold showing that 'the disputed conduct substantially burden[ed] his sincerely held religious beliefs.'" *Washington v. Gonyea*, 538 Fed. App'x 23, 26 (2d Cir. 2013) (quoting *Salahuddin v. Goord,* 467 F.3d 263, 274–75 (2d Cir.2006)). He must allege facts showing that he sincerely holds a particular belief, that the belief is religious in nature, and that the challenged action substantially burdened his exercise of that belief. *See Ford v. McGinnis*, 352 F.3d 582, 588-91 (2d Cir. 2003); *see also Jones v. Annucci*, No. 16-cv-3516 (KMK), 2018 WL 910594, at *13–14 (S.D.N.Y. Feb. 14, 2018) (noting that an incarcerated plaintiff must make a threshold showing that disputed conduct substantially burdens sincerely held religious beliefs).

He has failed to do so. Mr. Ramos alleges that he did not receive a book about religion, but alleges no facts suggesting this has burdened his exercise of religious beliefs. Indeed, Mr. Ramos makes no reference to his religion or religious practices at all. Absent any allegations suggesting that Mr. Ramos' ability to exercise his religious belief has been burdened, he fails to state a First Amendment claim.

All First Amendment claims therefore are dismissed under 28 U.S.C. § 1915A(b)(1).

### C. Fourth Amendment Claims

Mr. Ramos contends that withholding the book constitutes an unreasonable seizure in violation of the Fourth Amendment.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A search or seizure occurs when "the person invoking [the Fourth Amendment's] protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action." *Smith v. Maryland*, 442 U.S. 735, 740 (1979). "The [Fourth] Amendment does not protect the merely subjective expectation of privacy, but only those 'expectation[s] that society is prepared to recognize as 'reasonable.'" *Oliver v. United States*, 466 U.S. 170, 177 (1984) (quoting *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring)).

Although the Supreme Court has recognized that a person, while incarcerated, possesses a legitimate expectation of privacy, "severely curtailed" as it may be, Mr. Ramos has failed to plead sufficient factual matter to give rise to a claim under the Fourth Amendment. *United States v. Roy*, 734 F.2d 108, 111 (2d Cir. 1984) (citation omitted). Mr. Ramos alleges no facts indicating that the book actually arrived at the correctional facility, much less that, upon the book's arrival at the correctional facility, someone took the book and refused to deliver it to him. Thus, Mr. Ramos has not named any person responsible for allegedly seizing the book in question.

As there are no allegations to support a Fourth Amendment claim against any defendant, this claim therefore is dismissed under 28 U.S.C. § 1915A(b)(1).

### D. Eighth Amendment Claims

Mr. Ramos also asserts an Eighth Amendment claim.

To state an Eighth Amendment claim, a plaintiff must allege facts demonstrating that the defendants failed to provide for his "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety." *DeShaney v. Winnegabo Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989). Only those conditions that deprive an inmate of the "minimal civilized measure of life's necessities" are sufficiently serious to form the basis of an Eighth Amendment claim. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Mr. Ramos alleges that he did not receive a book that allegedly was mailed to him on two occasions. Mr. Ramos has failed to supplement this allegations with sufficient factual detail to allow for a plausible claim that he has been deprived a basic human need, *e.g.*, food, clothing, shelter, medical care, and reasonable safety. *See Jones v. Pallito*, No. 2:14-cv-199, 2015 WL 2376347, at *8 (D. Vt. May 18, 2015) (dismissing an eighth amendment claim for deprivation of art supplies and certain books). Thus, the allegations do not state a cognizable Eighth Amendment claim.

Any Eighth Amendment claim therefore is dismissed under 28 U.S.C. § 1915A(b)(1).

### E. Fourteenth Amendment Claims

Finally, Mr. Ramos contends that the deprivation of the book violated his Fourteenth Amendment rights to due process and equal protection.

#### 1. Due Process

The Due Process Clause protects against the deprivation of a protected property interest. An incarcerated plaintiff can state a due process claim for loss or destruction of property,

however, only if the state has not created adequate post-deprivation remedies. *See Edwards v. Erfe*, 588 Fed. App'x 79, 80 (2d Cir. 2015) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

Connecticut provides a remedy for lost or destroyed property. Under Connecticut General Statutes § 4-141 *et seq.*, a person who is incarcerated may bring a claim against the Connecticut Claims Commission unless there is another administrative remedy for the claim. *See* Conn. Gen. Stat. § 4-142. The Department of Correction has established an administrative remedy for lost or destroyed property. *See* Department of Correction Administrative Directive 9.6(16)(B), http://portal.ct.gov/DOC/AD/AD-Chapter-9 (last visited Apr. 13, 2018). Thus, an aggrieved person first must utilize the administrative remedy and then can proceed to the Claims Commission, if the claim is denied.

This available remedy is not rendered inadequate because Mr. Ramos anticipates a more favorable remedy in this forum. *See Hudson*, 468 U.S. at 535 ("[T]hat [a Plaintiff] might not be able to recover under these remedies the full amount which he might receive in a § 1983 action is not, as we have said, determinative of the adequacy of the state remedies."). As Connecticut provides post-deprivation remedies, Mr. Ramos cannot state a due process claim for the deprivation of property.

Further, to the extent that the Complaint may be construed to assert a claim against defendant Roy for failure to investigate the issue and, therefore, resolve his grievance to his satisfaction, the claim fails as a matter of law. Mr. Ramos has no constitutional right to have his issue investigated by correctional staff. *See Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) (holding that an incarcerated person has no constitutional right to have grievance investigated to his satisfaction) (citing cases).

The due process claim therefore must be dismissed under 28 U.S.C. § 1915A(b)(1).

## 2. Equal Protection

The Equal Protection Clause protects individuals from invidious discrimination. This provision does not mandate identical treatment for each individual; rather it requires that similarly situated persons be treated the same. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, an plaintiff must allege facts showing that the plaintiff was treated differently from similarly situated individuals and that the reason for the different treatment was based on "impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injury a person." *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609 –10 (2d Cir. 1980)).

Mr. Ramos does not allege that he is a member of a protected class or that he was treated differently because of a suspect classification. *See Robles v. Dennison*, 745 F. Supp. 2d 244, 301 n.18 (W.D.N.Y. 2010) (merely being a prisoner is insufficient to put plaintiff in a suspect class), *aff'd*, 449 Fed. App'x 51 (2d Cir. 2011). Thus, he cannot state a traditional equal protection claim.

To state a valid claim under a "class of one," a plaintiff must allege, first, that a plaintiff was intentionally treated differently from others who are similarly situated. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Second, a plaintiff must allege facts showing that there is no rational basis for the difference in treatment. *Id.* The plaintiff must allege an "extremely high" level of similarity with the person to whom he is comparing himself; their circumstances must be "prima facie identical." *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005), *rev'd on other grounds*, *Appel v. Spiridon*, 531 F.3d 138, 139 (2d Cir. 2008). Mr. Ramos

identifies no similarly situated inmate who was treated differently. Thus, he cannot state a "class of one" equal protection claim.

Mr. Ramos' Fourteenth Amendment claims therefore are dismissed, consistent with 28 U.S.C. § 1915A(b)(1).

**IV. CONCLUSION**

For the reasons discussed above, the complaint is **DISMISSED** under 28 U.S.C. § 1915A(b)(1).

To the extent Mr. Ramos can amend his Complaint to state a plausible claim against any defendant and to correct the deficiencies identified in this ruling, he is given leave to amend his Complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[L]eave to amend shall be freely given when justice so requires . . . ." (citation omitted)). This amended Complaint must be filed by **October 1, 2018**.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of August, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE